ATTORNEY FOR APPELLANT
Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana



FILED
Sep 01 2015, 3:31 pm
CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 39S05-1509-CR-517

GARY ALLEN GIBSON,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Jefferson Circuit Court, No. 39C01-1308-FB-845
The Honorable Darrell M. Auxier, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 39A05-1404-CR-156

**September 1, 2015**

**Per Curiam.**

Following a physical altercation with another man, Gary Allen Gibson was charged with one count of aggravated battery, two counts of criminal confinement by removal, and one count of battery resulting in serious bodily injury. A jury acquitted Gibson on one of the confinement counts, but convicted him on the other three counts. Due to double jeopardy concerns, the trial

court entered judgment for only two counts, class B felony aggravated battery and class D felony criminal confinement. The trial court sentenced Gibson to sixteen years' incarceration on the battery conviction and two and one-half years on the confinement conviction, with the sentences to be served concurrently.

Gibson appealed on numerous grounds, and the Court of Appeals affirmed Gibson's convictions and sentence in full. Gibson v. State, No. 39A05-1404-CR-156 (Ind. Ct. App. Jan. 30, 2015). Gibson seeks transfer, contending, among other things, that there is insufficient evidence to support his confinement conviction.

Gibson was charged with and convicted of confinement by removal under Indiana Code section 35-42-3-3(a)(2).[1] Gibson's charging information provided that he "did knowingly remove [the victim] by force or threat of force by pulling [the victim] to the ground and battering him." (Appellant's App. at 83.) The jury instruction for this count mirrored the language of section 3(a)(2) of the statute. (Appellant's App. at 173.)

We agree with Gibson that there was insufficient evidence to support his conviction for criminal confinement under section 3(a)(2). Accordingly, we grant transfer and reverse Gibson's criminal confinement conviction and concurrent two and one-half year sentence. In all other respects we summarily affirm the Court of Appeals' decision. *See* Ind. Appellate Rule 58(A)(2).

All Justices concur.

---

[1] At the time of Gibson's offense, the criminal confinement statute provided in pertinent part:
    A person who knowingly or intentionally:
    (1) confines another person without the other person's consent; or
    (2) removes another person, by fraud, enticement, force, or threat of force, from one (1)
        place to another;
    commits criminal confinement.
Ind. Code § 35-42-3-3(a) (2011).